IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-00064-FL-1
NO. 5:12-CV-00677-FL

| | |
|---|---|
| LINWOOD BATTS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-125) petitioner Linwood Batt, Jr.'s motion (DE-122) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). Batts has responded to the motion to dismiss (DE-130) and, accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to vacate and the motion to dismiss have been referred to the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that the motion to vacate (DE-122) be DENIED and the motion to dismiss (DE-125) be GRANTED.

**I.     BACKGROUND**

On June 4, 2007, Batts pled guilty pursuant to a written plea agreement to (1) to

1

conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, as charged in count one of the indictment; and (2) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), as charged in count three of the indictment. (DE-32, DE-33). In the plea agreement, Batts agreed, *inter alia*, to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 2, DE-33. For its part, the government agreed to dismiss counts two, four, and five of the indictment. The parties further agreed that a downward adjustment of two or three levels for acceptance of responsibility was warranted under U.S.S.G. § 3E.1. Plea Agreement 10, DE-33.

At the Rule 11 hearing held before Judge Boyle on June 4, 2007, Batts testified that he understood his rights, the charges against him, and the plea agreement he had signed. Arraignment Hr'g Tr. 5-7, DE-59. Batts also indicated his satisfaction with his attorney, Kelly Latham Greene. *Id.* at 4:3-5. Based on the hearing and the evidence presented, Judge Boyle found that the plea agreement was "freely and voluntarily made" and that Batts "had a full and complete understanding of the nature of the charges against him and the punishment provided by law." *Id.* at 10:14-17.

2

Judge Boyle held the sentencing hearing on December 11, 2007.  Sent. Hr'g Tr., Dec. 11, 2007, DE-60.  The government moved for an upward departure from the guideline sentence range based on Batts' criminal history and on the grounds that the sentencing guidelines did not reflect the circumstances of the offense.  *Id.* at 5:17-20; *see also* Mot., DE-43.  Mr. Greene opposed the motion for upward departure, both orally at the sentencing hearing and in a written memorandum filed with the Court.  *See id.* at 15-17; 22-24; Def.'s Resp., DE-49.  After continuation of the sentencing hearing, Judge Boyle ultimately granted the government's motion for upward departure and sentenced Batts on January 8, 2008 to 57 months on count one and 168 months on count three, to be served consecutively, for an aggregate sentence of 225 months' imprisonment.  J., Jan 8, 2008, DE-52.

Upon appeal, the United States Court of Appeals for the Fourth Circuit affirmed the sentence for the drug conspiracy conviction (count one) but vacated the sentence for the firearm conviction (count three) because the district court "did not move incrementally through the sentencing table and failed to explain why it selected the 168-month sentence from other available sentencing options."  United States v. Batts, 317 F. App'x 329, 332, 2009 U.S. App. LEXIS 5323, at *9 (4th Cir. 2009) (unpublished); DE-63.  Accordingly, the Fourth Circuit remanded the case for resentencing on count two, the firearm conviction.  At resentencing, Judge Boyle denied the government's motion for an upward departure and imposed a sentence of 57 months on count one and 84 months on count three.  Am. J, June 16, 2009, DE-71.  The government appealed to the Fourth Circuit, arguing that the district

3

court misconstrued the scope of the Fourth Circuit's mandate in the first appeal and erred in refusing to entertain the government's motion for upward departure. The Fourth Circuit agreed and again vacated the sentence for the firearm conviction and remanded the case for resentencing. United States v. Batts, 363 F. App'x 230, 232, 2010 U.S. App. LEXIS 1794, at *4 (4th Cir. 2010); DE-79.

Upon remand the case was reassigned to Judge Flanagan, who held the third sentencing hearing on April 14, 2010 to determine what sentence Batts should receive on count three, the firearm conviction. Sent. Hr'g Tr. Apr. 10, 2010, DE-96. At the sentencing hearing, attorney Thomas Wilson appeared on behalf of Batts, standing in for Mr. Greene. Among other things, Mr. Wilson addressed the issue of the 57-month sentence Batts received on count one, the drug conspiracy conviction, as follows:

> MR. WILSON: Your Honor, just to note our objection. Basically the Court of Appeals has denied this argument in the first opinion in this case, but I just want to raise it again for the record for purposes of preservation that, you know, we would submit in this case that an upward departure, as moved so by the government, is in fact a breach of his plea agreement and his understanding. Mr. Batts pled to something – actually, the plea agreement resulted in a benefit to him . . . . [t]hat was pretty much swallowed whole by the upward departure, or potentially swallowed whole by an upward departure. So for purposes of preservation. I recognize that issue has been decided.
>
> THE COURT: It appears to me the 4th Circuit has taken that one off the table.
>
> MR. WILSON: That's correct, your Honor.

Sent. H'rg Tr. 6:2-17, DE-96. Mr. Wilson also argued that the government's renewed

4

motion for an upward departure on count three was unwarranted under the circumstances. *Id.* at 14-18; 20-21.

Upon consideration of the arguments and evidence, the district court granted the government's motion for an upward departure and sentenced Batts to 57 months on count one and a consecutive 142 months on count three, for a total of 199 months' imprisonment. Am. J., May 4, 2010, DE-88. Upon the third appeal, the Fourth Circuit affirmed the judgment of the district court. The United States Supreme Court denied Batts' petition for writ of certiorari on October 11, 2011. *See* United States v. Batts, 425 F. App'x 210 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 436, 181 L. Ed. 2d 289 (2011).

On June 15, 2012, Batts filed a motion seeking an extension of time to file a motion to vacate under 28 U.S.C. § 2255. The district court denied the motion for extension of time. The Fourth Circuit affirmed the order of the district court denying the motion for extension of time. United States v. Batts, 490 F. App'x 618, 619, 2012 U.S App. LEXIS 26076, at *1 (4th Cir. 2012) (unpublished).

On October 17, 2012, Batts filed the instant motion asserting error based on claims of: (1) prosecutorial misconduct; (2) sentencing error; (3) ineffective assistance of counsel; (4) breach of the plea agreement; (5) violation of due process; and (6) sentence imposed in violation of 18 U.S.C. § 3742(g)(2). The government asserts that the motion to vacate fails to state any claim upon which relief may be based and should be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the

6

proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate

7

in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

## C.  Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an

8

antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

Batts asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688.

9

This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. See Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

With these legal precepts in mind, the undersigned considers the government's motion to dismiss.

### III. ANALYSIS

#### A. Petitioner's Motion to Vacate is Untimely

Here, the motion to vacate is untimely. Batts' conviction became final for purposes of 28 U.S.C. § 2255 on October 11, 2011, when the United States Supreme Court denied his petition for writ of certiorari. See United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001); Lynch v. United States, No. 4:00-HC-2008-D, 2012 U.S. Dist. LEXIS

10

6052, at *3-4 (E.D.N.C. Aug. 4, 2010). Giving Batts the benefit of the prisoner mailbox rule, see Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991), the record indicates that Batts delivered his motion to vacate to prison authorities for mailing on October 12, 2012, more than one year after his conviction was final. *See* Envelope, Mot. Vacate, DE-122-3. The motion to vacate is therefore untimely and should be dismissed.

Further, the undersigned finds no grounds for equitable tolling, which is a "rare" remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Batts has not shown that he has diligently pursued his rights or that misconduct or extraordinary circumstances prevented him from timely filing the instant motion to vacate. *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling).

**B. Petitioner Fails to State a Claim for Prosecutorial Misconduct**

Even if considered timely, the motion to vacate should nevertheless be denied because Batts fails to state a cognizable claim for prosecutorial misconduct, as alleged in Ground One of the 2255 motion. To prevail on a claim of prosecutorial misconduct, a petitioner must show that the prosecutor's conduct was, in fact, improper, and that such conduct prejudiced him to such an extent that he was denied a fair trial. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).

11

Here, Batts first asserts that the prosecutor "induced [him] through his attorney to sign a plea agreement." Batts does not indicate how this alleged inducement occurred. At the Rule 11 hearing, Batts confirmed that no one had "threatened [him] or forced [him] or made [him] enter into this plea agreement." Arraignment Hr'g Tr. 6:13-15. In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. Lemaster, 403 F.3d at 221-22. A petitioner's naked assertion of unfulfilled and unwritten promises from the government does not constitute "extraordinary circumstances" warranting § 2255 relief. *See* United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (noting that the mere allegation, commonly asserted in § 2255 motions, that a petitioner was induced to plead guilty by a promise from the prosecutor not outlined in the plea agreement does not alone constitute an extraordinary circumstance warranting an evidentiary hearing). The district court determined that the plea entered by Batts was knowing and voluntary. Whether Batts faced a difficult choice between pleading guilty or proceeding to trial does not equate to coercion or duress or otherwise render his plea involuntary. *See* United States v. Williams, 47 F.3d 658, 661 (4th Cir. 1995) ("A prosecutor's threats to seek a harsher indictment are constitutionally legitimate even though the prosecutor's goal in making those threats is to convince the defendant to waive his right to plead not guilty . . . . A criminal justice system that tolerates and encourages plea negotiations must allow prosecutors to impose difficult choices on defendants even though the risk of more severe

12

punishment may discourage a defendant from asserting his trial rights."). To the extent Batts bases his claim of inducement on his assertion that the prosecutor breached the plea agreement by moving for an upward departure, the Fourth Circuit has already concluded that no such breach occurred. Because Batts fails to allege any facts to show that the prosecutor engaged in any improper behavior to obtain the plea agreement, he fails to state a claim of prosecutorial misconduct based on inducement. *See* <u>Luellen v. United States</u>, Nos. 1:08cr102, 1:09cv681, 2011 U.S. Dist. LEXIS 112692, at *6-7 (E.D. Va. Sept. 28, 2011) (petitioner failed to state a claim for prosecutorial misconduct where motion for upward departure was not precluded by terms of plea agreement).

Batts further alleges that the prosecutor misrepresented the facts of the underlying offense to the district court, and that the factual summary he presented at the sentencing hearing differed from the factual basis offered at the arraignment hearing. However, review of the arraignment and sentencing transcripts shows no inconsistency and no misrepresentation of the facts by the prosecutor, only vigorous advocacy for the government's motion for upward departure.

Because Batts fails to allege sufficient facts to state a plausible claim of prosecutorial misconduct, <u>Twombly</u>, 550 U.S. at 570, the undersigned recommends that the motion to vacate be denied as to Ground One, and that the government's motion to dismiss be granted.

### C. **Petitioner Fails to State a Claim for Ineffective Assistance of Counsel**

Batts also fails to state a claim for ineffective assistance of counsel upon which

relief may be granted. In Ground Three of the 2255 motion, Batts alleges his counsel (1) convinced him to sign a plea agreement without fully explaining the consequences of pleading guilty; (2) failed to introduce exculpatory evidence in opposition to the government's motion for upward departure; and (3) failed to otherwise meaningfully oppose the government's motion for upward departure.

In reviewing Batt's allegations and arguments regarding his counsel as a whole, it is clear that his claims of ineffective assistance represent nothing more than an indirect attempt to appeal his sentence. The claim of ineffective assistance may be summarily dismissed on this basis alone. Nevertheless, the allegations are addressed in turn.

**1. Decision to Plead Guilty**

With regard to the plea agreement, Batts indicates that, on May 28, 2007, he met with Mr. Wilson, Mr. Greene's law partner, at the Edgecombe County jail for at least two hours to review the plea agreement offered by the government. Batts states that Mr. Wilson convinced him that signing the plea agreement would be in his best interest because

> [t]he plea offer was the best deal that the government would give, and how it would be obtuse to go to trial because the government would bring up my prior arrest which would make me look bad, and a jury would find me guilty, and how the Feds win well over 97 percent of their cases at trial. He then went on telling me that [the] worst case scenario of the sentence would be 9-11 years, with reduction points for accepting responsibility, 7-9 years. He allowed me to use his cell phone to discuss the matter with family members; as well as allowing me to keep the plea agreement in my possession so that I could have time to read it over with family members on visitation because of my poor reading skills.
>
> After a few days of leaving the agreement, Mr. Wilson or Mr. Greene . . . called the jail's Lieutenant to remind me that the Rule 11 Arraignment

14

hearing was coming up in a few days. So I signed it and the Lieutenant faxed it to their office.

June 4, 2007, at the Arraignment, Mr. Greene had a different plea agreement and expressed that some things had slightly been changed, but assured me that I should not be alarmed because the process of sentencing would not be harmed. Mr. Greene urged [Batts] on to sign[] the changed plea agreement in the court room. The District Court accepted the Plea Agreement, as did the Defendant . . . .

Pet'r's Mem. Supp. Mot. Vacate 31-32, DE-122-1.

Assuming these allegations to be true, nothing in these facts suggests that Mr. Greene or Mr. Wilson rendered ineffective assistance with regard to the plea agreement. Instead, these allegations tend to show that Mr. Wilson thoroughly reviewed the plea agreement with Batts and properly advised him as to the potential risks of a jury trial and the benefits of the plea agreement. Mr. Wilson gave Batts a copy of the plea agreement for his review, and even arranged for Batts to consult with family members regarding the agreement. At the Rule 11 hearing, Batts testified that he was satisfied with his counsel's performance. Insofar as the present allegations made by Batts regarding counsel's performance contradict his testimony at the Rule 11 hearing, such allegations are palpably incredible. *See* Lemaster, 403 F.3d at 221-22 ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

To the extent Batts bases his ineffective assistance claim on his counsels' failure to

15

accurately predict his sentence at the time of his guilty plea, a "'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" Hughes v. United States, Nos. 1:05CV57, 1:02CR-45-8, 2007 U.S. Dist. LEXIS 19416, at *12 (W.D.N.C. 2007) (quoting United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)); *see also* Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006) ("An inaccurate prediction of a sentence alone is not enough to meet the standard [of ineffective assistance]."), *cert. denied*, 549 U.S. 1151 (2007); United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995). As the Seventh Circuit has observed:

> [T]he sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). Because his counsels' alleged miscalculation of his sentence does not constitute constitutionally deficient performance, Batts fails to state a claim of ineffective assistance of counsel based on this asserted error.

Moreover, the Fourth Circuit has held that a defendant who pleads guilty cannot show prejudice arising from misinformation his counsel provides regarding sentencing if the court subsequently corrects or clarifies the erroneous information at the Rule 11 hearing. Foster, 68 F.3d at 88. Here, Batts was informed at the Rule 11 hearing of the

16

maximum penalties he faced. In addition, the plea agreement Batts signed clearly set forth the maximum sentences for the offenses to which he pleaded guilty. Plea Agreement 6-8, DE-33. Because any miscommunication about sentencing was corrected at the Rule 11 hearing, Batts cannot show prejudice arising from his counsel's allegedly faulty prediction of his sentence. *Cf.* United States v. Gosain, 991 F.2d 791, published in full-text format at 1993 U.S. App. LEXIS 3368, at *4 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case.").

For all of these reasons, Batts fails to state a claim of ineffective assistance of counsel with regard to his decision to plead guilty.

**2. Sentencing**

At sentencing, Batts contends his counsel failed to produce evidence and effectively argue in opposition of the government's motion for upward departure. "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). In contrast to Batts' assertions, however, even a cursory review of the record and transcripts (many of which are attached to the motion to vacate) shows that defense counsel vigorously opposed the motion for upward

17

departure before the district court, as well as before the Fourth Circuit on appeal. Mr. Greene filed a response to the government's motion for upward departure and argued against the motion at the first sentencing hearing. When Judge Boyle granted the government's motion, Mr. Greene appealed, contending the government breached the plea agreement by moving for an upward departure. Although the Fourth Circuit rejected this particular argument, Mr. Greene succeeded in obtaining resentencing on the firearm conviction. Even after the Fourth Circuit rejected the argument regarding breach of the plea agreement, Mr. Greene's law partner, Mr. Wilson nevertheless raised the issue at the sentencing hearing before Judge Flanagan out of an abundance of caution for the purpose of preserving any future argument. The undersigned therefore concludes that Batts fails to allege sufficient facts to show deficiency of performance by defense counsel with regard to sentencing.

### 3. General Claims of Ineffectiveness

Batts complains that defense counsel did not thoroughly investigate the case, "lack[ed] competence," and engaged in "very limited" communication with him. Pet'r's Mot. Vacate, Ground III, DE-122. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at __, 129 S. Ct. at 1949. Moreover, these conclusory allegations are abundantly contradicted by the record, which shows that, *inter alia*, defense counsel successfully negotiated a favorable plea agreement, whereby Batts avoided prosecution of three of the five charges against him and received a three-step decrease for acceptance of

18

responsibility. Defense counsel vigorously opposed the government's motion for upward departure before the trial court and at the Fourth Circuit, and submitted sentencing memoranda and multiple character letters on behalf of Batts. Indeed, Judge Flanagan expressly complimented and thanked Mr. Wilson at the sentencing hearing for his "thoughtful advocacy." Sent. Hr'g Tr. 33:1, DE-96. Because Batts has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed a defendant by the Sixth Amendment," Strickland, *supra*, the undersigned recommends that Ground Three of the motion to vacate be denied and the government's motion to dismiss this claim be granted.

### D. Petitioner's Remaining Claims Are Precluded From Review

Batts argues in Ground Two that the district court erred in granting the government's motion for upward departure. By Ground Four, Batts contends the government breached the plea agreement by moving for an upward departure. However, as Batts recognizes in his motion to vacate, the Fourth Circuit has already decided both of these issues against him. He therefore may not re-litigate these issues here. United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) (citing United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004)). Moreover, even were the Court to conclude Batts is arguing a different issue because he cites different grounds for error, he would be barred from raising these issues where he did not raise them before the Fourth Circuit, as his 2255 motion "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 164-65 (1982). For this reason, Batts may not pursue Grounds Five (arguing that the sentence
19

violates due process) and Six (arguing that the sentence violates 18 U.S.C. § 3742(g)(2)), as these could have been raised at the Fourth Circuit. Accordingly, the undersigned recommends that the motion to vacate be denied as to Grounds Two, Four, Five and Six and that the government's motion to dismiss be granted as to these grounds.

## IV. CONCLUSION

The motion to vacate is untimely and should be dismissed on this basis. Further, even if timely, the motion to vacate fails to state a claim upon which relief may be granted. As such, the undersigned RECOMMENDS that the motion to vacate (DE-122) be DENIED and the government's motion to dismiss (DE-125) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, May 23, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

20

Case 5:07-cr-00064-FL   Document 132   Filed 05/23/13   Page 20 of 20