IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-64-1-FL
No. 5:12-CV-677-FL

| | |
|---|---|
| LINWOOD BATTS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon *pro se* petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE 122), and the government's motion to dismiss petitioner's § 2255 motion (DE 125). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss. Petitioner filed objections to the M&R and the issues raised are ripe for ruling.

## BACKGROUND

On June 4, 2007, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 ("Count One"), and to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Three"). On January 8, 2008, petitioner was sentenced to 57 months on Count One and 168 months, consecutive, on Count Three. After two appeals – the first brought by petitioner and the second by the government – in which the court of appeals reversed as to the

sentence for Count Three, petitioner was sentenced on April 14, 2010, to 57 months on Count One and 142 months, consecutive, on Count Three. Petitioner appealed this sentence and the Fourth Circuit affirmed.

On October 17, 2012, petitioner filed motion to vacate asserting six grounds for relief: (1) prosecutorial misconduct; (2) sentencing error; (3) ineffective assistance of counsel; (4) breach of the plea agreement; (5) violation of due process; and (6) that his sentence was imposed in violation of 18 U.S.C. § 3742(g)(2). The government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 10, 2012. As set forth in the M&R, it is recommended that the court grant the government's motion to dismiss and deny petitioner's motion to vacate.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

Petitioner's objections are not a model of clarity. He purports to raise three objections, but

his first and third objection both appear to assert prosecutorial misconduct on similar grounds. Thus, it appears that in substance he brings two objections to the M&R. First, he contends he was improperly induced into pleading guilty because he did not know the government was going to argue at sentencing that his offense conduct took place as part of an attempted robbery when he entered into his plea, nor did the government discuss attempted robbery at his Rule 11 hearing. Second, petitioner maintains he received ineffective assistance of counsel where (a) counsel did not object to the district court's upwardly departing pursuant to U.S.S.G. § 5K2.9 (commission of offense to facilitate another offense) on remand when that guideline provision was not included in the written statement of reasons from petitioner's previous sentencing, citing 18 U.S.C. § 3742(g), and (b) counsel failed to otherwise meaningfully oppose the government's motion for upward departure.

1. Prosecutorial Misconduct

Petitioner argues that the government improperly induced him to plead guilty to Counts One and Three without giving him notice as to its intent to present to the court that the offense conduct took place as part of an attempted robbery. As noted in the M&R, this claim of inducement fails because the Fourth Circuit already determined that the government's motion for upward departure did not breach the plea agreement.[1] Indeed, the plea agreement itself states that the government "reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. §

---

[1] To the extent that petitioner's objections assert the government breached his plea agreement, this argument also fails – as noted in the M&R – where the Fourth Circuit has already decided this issue against him. See United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."). In addition, as was noted in the M&R, all of petitioner's claims – save those for prosecutorial misconduct and ineffective assistance of counsel – are barred where he did not raise them on appeal. See United States v. Frady, 456 U.S. 152, 164-65 (1982) ("[A] collateral challenge may not do service for an appeal.").

3

3661."[2] Plea Agreement ¶ 4.c. Therefore it was not improper for the prosecution to argue for departure based upon the assertion that petitioner's offense conduct took place as part of an attempted robbery. Therefore petitioner's objection is overruled.

   2.   Ineffective Assistance of Counsel

Petitioner also fails to state a claim for ineffective assistance of counsel. A successful claim for ineffective assistance of counsel requires a petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance under Strickland that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

With respect to counsel's failure to bring an objection based on 18 U.S.C. § 3742(g) to the court's upwardly departing pursuant to U.S.S.G. § 5K2.9, the court need not decide whether this was an error by counsel which fell below an objective standard of reasonableness. Even assuming, *arguendo*, such failure to object constituted deficient performance, it did not prejudice petitioner. This court found an independent basis for its sentence in considering the factors set forth under 18 U.S.C. § 3553(a). See Tr. July 23, 2010, Sentencing Hr'g 29-30. As the Fourth Circuit noted on appeal, even if this court's application of an upward departure was error, such error was harmless

---

[2] 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

4

where the sentence was ultimately justified by the section 3553(a) factors. See United States v. Batts, 425 F. App'x 210, 212 (4th Cir. 2011).

With respect to petitioner's other complaints about the performance of his counsel, petitioner's objections are overruled for the reasons set forth in the M&R. As noted therein, petitioner's counsel vigorously advocated for him, brought two appeals, and even raised issues foreclosed by the Court of Appeals at sentencing on remand out of an abundance of caution. Thus petitioner has not alleged sufficient facts to show he received ineffective assistance of counsel.

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own, and for the reasons stated therein, the government's motion to dismiss (DE 125) is GRANTED, and petitioner's motion to vacate (DE 122) is DENIED. The clerk of court is directed to close this case.

SO ORDERED, this the 26th day of July, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Court Judge